UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| SOROUSH RADPOUR et al.,<br><br>               Plaintiffs,<br>   v.<br><br>ANTONY J. BLINKEN et al.,<br><br>               Defendants. | CASE NO. 2:24-cv-01487-LK<br><br>ORDER GRANTING STIPULATED MOTION TO HOLD CASE IN ABEYANCE |

    This matter comes before the Court on the parties' Stipulated Motion to Hold Case in Abeyance. Dkt. No. 11. Plaintiffs brought this litigation under the Administrative Procedure Act and Mandamus Act seeking, among other things, "to adjudicate the immigrant visa application of Plaintiff Mohammad Radpoor." Dkt. No. 1 at 2. Because the parties believe that "[w]ith additional time, this case may be resolved without the need of further judicial intervention," they now move to hold the case in abeyance until March 18, 2025. Dkt. No. 11 at 2.

    "[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936). The Court "may order

a stay of the action pursuant to its power to control its docket and calendar and to provide for a just determination of the cases pending before it." *Leyva v. Certified Grocers of Cal., Ltd.*, 593 F.2d 857, 864 (9th Cir. 1979). In considering whether to grant a stay, courts consider several factors, including "the possible damage which may result," "the hardship or inequity which a party may suffer in being required to go forward," and "the orderly course of justice[.]" *CMAX, Inc. v. Hall*, 300 F.2d 265, 268 (9th Cir. 1962).

As the parties note, this case may be resolved without further judicial intervention. Dkt. No. 11 at 2. They represent that the U.S. Embassy in Yerevan, Armenia "is conducting additional security vetting and, if appropriate, may reopen and readjudicate Plaintiff Radpoor's visa application." *Id.* A stay to allow this process to play out will not cause any damage, nor any hardship or inequity to either party, and will promote the orderly course of justice and preserve the parties' and the Court's resources.

The Court thus GRANTS the parties' stipulated motion. Dkt. No. 11. This case will be held in abeyance until March 18, 2025. The parties are ORDERED to submit a joint status report on or before March 18, 2025.

Dated this 14th day of January, 2025.

Lauren King
United States District Judge

ORDER GRANTING STIPULATED MOTION TO HOLD CASE IN ABEYANCE - 2